18 P.3d 915

Manuel FRAGIAO, Petitioner–Appellant,

v.

STATE of Hawai'i, Respondent–Appellee.

No. 22636.

Intermediate Court of Appeals of Hawai'i.

Aug. 3, 2000.

Certiorari Granted Sept. 8, 2000.

Robert J. Crudele, Brian J. De Lima, and Howard H. Shiroma, on the briefs, for Petitioner–Appellant.

Simone C. Polak, Deputy Prosecuting Attorney, County of Hawai'i, on the briefs, for Respondent–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Petitioner–Appellant Manuel Fragiao (Fragiao) appeals the circuit court's May 25, 1999 Findings of Fact, Conclusions of Law and Order Denying Petition for Post–Conviction Relief (Rule 40, [Hawai'i Rules of Penal Procedure (HRPP)]) (May 25, 1999 FsOF, CsOL and Order).

We conclude that defense counsel's representation of Fragiao was constitutionally ineffective because (1) a relationship giving rise to a conflict of interest existed between the defense counsel selected and paid for by the County of Hawai'i (County) and Fragiao, a County police officer, and (2) Fragiao did not consent to the relationship after full consultation. Therefore, we (1) vacate the May 25, 1999 FsOF and CsOL, (2) reverse the May 25, 1999 Order Denying Petition for Post–Conviction Relief (Rule 40, HRPP), and (3) remand (a) for entry of an order vacating the February 4, 1997 judgment of conviction in Criminal No. 96–0242 and (b) for a new trial.

## RELEVANT STATUTES

Hawai'i Revised Statutes (HRS) § 52D–8 (1993) provides as follows:

**Police officers; counsel for.** Whenever a police officer is prosecuted for a crime or sued in a civil action for acts done in the performance of the officer's duty as a police officer, the police officer shall be represented and defended:

(1) In criminal proceedings by an attorney to be employed and paid by the county in which the officer is serving; and

(2) In civil cases by the corporation counsel or county attorney of the county in which the police officer is serving.

HRS § 52D–9 (1993) provides as follows:

**Determination of scope of duty.** The determination of whether an act, for which the police officer is being prosecuted or sued, was done in the performance of the police officer's duty, so as to entitle the police officer to be represented by counsel provided by the county, shall be made by the police commission of the county. Before making a determination, the police commission shall consult the county attorney or the corporation counsel, who may make a recommendation to the police commission with respect thereto if the county attorney or corporation counsel so desires. The determination of the police commission shall be conclusive for the purpose of this section and section 52D–8.

HRS § 103D–304 (Supp 1999) provides as follows:

**Procurement of professional services.** · · · ·

. . . .

(d) Whenever during the course of the fiscal year the agency needs a particular professional service, the head of the purchasing agency shall designate a screening committee. . . . The screening committee shall be comprised of a minimum of three employees of the purchasing agency with sufficient education, training, and licenses or credentials in the area of the services required. . . . The committee shall provide the head of the purchasing agency with the names of a minimum of three persons who the committee concludes are the most qualified to provide the services required, with a summary of each of their qualifications. . . .

(e) ... The head of the purchasing agency shall then rank the persons in order of preference. The head of the purchasing agency shall negotiate a contract with the first person, including a rate of compensation which is fair and reasonable, established in writing, and based upon the estimated value, scope, complexity, and nature of the services to be rendered.

## BACKGROUND

On September 21, 1994, when Fragiao was an off-duty police officer performing special duty at a road construction project, Fragiao allegedly committed the offense of Assault in the Third Degree, HRS § 707–712 (1993), a misdemeanor. In February 1996, a criminal complaint was filed against Fragiao in Criminal No. 96–0242. On July 19, 1996, an amended complaint was filed.

In July 1996, the alleged victim's civil complaint against Fragiao and others (Civil No. 96–00632ACK) and civil complaint against the County and others (Civil No. 96–00633DAE) were removed to the United States District Court for the District of Hawaii. In these cases, the County intended to rely on the defense that Fragiao was not acting under the color of his lawful authority and was not the County's agent, employee, or representative at the time of his alleged criminal act.

Pursuant to HRS § 103D–304, the Office of the Corporation Counsel published a No-

tice to Providers of Legal Professional Services. Attorney-at-law Gregory Ball (Ball) was one of the attorneys who responded.

Pursuant to HRS §§ 52D–8 and –9, the Hawai'i County Police Commission (HCPC) authorized the appointment of counsel to represent Fragiao in the criminal case and in the civil cases.[1]

Pursuant to HRS § 103D–304, Ball was selected to represent Fragiao in the criminal case and in the civil cases. The County agreed to pay Ball $125 per hour up to a maximum of $5,000 in the criminal case and up to a maximum of $10,000 in each of the two civil cases.

The December 30, 1996 Agreement for Special Counsel by and between the County and Ball states in relevant part as follows:

WHEREAS, the County intends to rely on the defense that defendant Fragiao was not acting under the color of his lawful authority, and was not an agent, employee or representative of the County at the time he allegedly committed the criminal, unconstitutional and tortious actions set out in the above complaints; ...

. . . .

C. The parties agree that the Office of the Corporation Counsel, County of Hawaii [Hawai'i], shall make its legal research resources available to Special Counsel, at no cost, upon reasonable notice during regular business hours.

. . . .

---

1. Hawai'i Revised Statutes (HRS) § 52D–8 (1993) specifies in relevant part that

[w]henever a police officer is prosecuted for a crime ... for acts done in the performance of the officer's duty as a police officer, the police officer shall be represented and defended ... by an attorney to be employed and paid by the county in which the officer is serving.

HRS § 52D–9 (1993) specifies in relevant part that

[t]he determination of whether an act, for which the police officer is being prosecuted or sued, was done in the performance of the police officer's duty, so as to entitle the police officer to be represented by counsel provided by the county, shall be made by the police commission of the county. Before making a determination, the police commission shall consult the county attorney or the corporation counsel, who may make a recommendation to the police commission with respect thereto if

the county attorney or corporation counsel so desires. The determination of the police commission shall be conclusive for the purpose of this section and section 52D–8.

The record does not indicate whether the Hawai'i County Police Commission (HCPC) consulted with the County of Hawai'i (County) attorney or corporation counsel and/or whether the County attorney or corporation counsel made a recommendation.

This case presents a situation where the HCPC has determined that the act for which the police officer is being prosecuted was done in the performance of the police officer's duty, whereas the County's position is that the act for which the police officer is being prosecuted was not done in the performance of the police officer's duty. The HCPC's decision pertains only to the question whether the police officer shall be represented by an attorney to be employed and paid by the County.

E. The parties agree and acknowledge that Special Counsel is an independent contractor while providing professional legal services for defendant Fragiao.

In the criminal case on December 9, 1996, a jury convicted Fragiao as charged. The judgment was entered on February 5, 1997.

Brian J. De Lima (De Lima) was Fragiao's appellate counsel. On July 21, 1997, De Lima did the following two things. First, he filed an opening brief asserting various points, including points pertaining to Ball's ineffective assistance as trial counsel. No point asserted that Ball had a conflict of interest or that Fragiao suffered from the ineffective assistance of trial counsel when Ball failed to raise the issue of Ball's conflict of interest. Second, De Lima filed Fragiao's Motion for Remand for Evidentiary Hearing on Ineffective Assistance alleging, among other things, that a direct conflict existed because Ball was selected and paid by the County and there was a conflict between the County's interests and Fragiao's interests. The remand was sought because "[t]he record on appeal is void of factual findings regarding the present claims of conflict of interest in the hiring of trial counsel by the County who [sic] was in direct conflict with [Fragiao]." The Hawai'i Supreme Court denied the motion on the basis that "HRS § 641–2 provides that every appeal shall be taken on the record and no new evidence shall be introduced in the supreme court."

On June 25, 1998, in a Summary Disposition Order in appeal No. 20454, this court affirmed the February 25, 1997 Judgment.[2]

On September 14, 1998, De Lima, Robert J. Crudele, and Howard H. Shiroma, law partners, filed Fragiao's Petition for Post–Conviction Relief (Rule 40, HRPP) commencing this special prisoner proceeding.

A memorandum in support of the petition itemized Ball's alleged ineffective assistance for failing to interview witnesses, to request jury instructions, to prepare Fragiao as a witness, to obtain the services of an expert, to introduce evidence of the complainant's animus toward Fragiao and propensity for violence, and to introduce evidence and request jury instructions to educate the jury as to when the use of pepper spray is legally justified. It also asserted that Fragiao was denied his constitutional right to effective assistance of trial counsel because Ball's representation was tainted by the conflict created when the County selected him to represent Fragiao. In the words of the memorandum,

> [t]he County undertook to make this selection at a time when the County intended and, in fact, did sue Officer Fragiao for indemnification arising out of the same facts and circumstances which were the subject of the Criminal Proceeding.
>
> . . . .
>
> Accordingly, it was in the County's best interest that Officer Fragiao be found guilty in the Criminal Proceeding. If Officer Fragiao were found guilty, the County's chances of avoiding liability would be greatly enhanced.
>
> Further, Ball owed at least some apparent measure of loyalty to the County of Hawaii [Hawai'i] as it was the County who would be paying his fees and making decisions relative to the application and enforcement of his employment agreement and who might, depending upon that loyalty, be inclined to provide prospective employment to Ball.

(Footnotes omitted.)

## THE SPECIFICS OF THIS APPEAL

In this appeal, Fragiao challenges the following parts of the circuit court's May 25, 1999 FsOF, CsOL and Order.

---

2. In his reply brief, Petitioner–Appellant Manuel Fragiao (Fragiao) asserts that

[u]nfortunately, [Fragiao] has no way to even determine whether or not the Intermediate Court of Appeals ever considered the conflict issue based upon his denied Motion for Remand in light of the ICA's Summary Disposition Order dated June 25, 1999, affirming the lower court's Judgment. This statement shows a lack of understanding of the Summary Disposition Order. The Summary Disposition Order communicates that this court (a) considered each and all of the Points/Questions stated by Fragiao in his opening brief in accord with Hawai'i Rules of Appellate Procedure Rule 28(b)(4) and (6) and decided that none of those Points/Questions presented a reversible error, and (b) did not consider any issues not presented in the Points/Questions.

I. [FRAGIAO] IS BARRED FROM RAISING THE ISSUE OF INEFFEC-TIVE ASSISTANCE OF COUNSEL DUE TO WAIVER UNDER HRPP RULE 40(a)(3).

. . . .

The Court makes the following conclusions of law:

1. [Fragiao's] petition is barred by HRPP Rule 40(a)(3) as the issues sought to be raised were waived.

2. [Fragiao] knowingly and understandingly failed to raise these issues and they *could have* been raised before the trial, at the trial, or on direct appeal.

3. [Fragiao] is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issues on direct appeal.

. . . .

7. Since the Intermediate Court of Appeals disposed of [Fragiao's] appeal by way of summary disposition order affirming [Fragiao's] judgment and probation sentence, without allowing [Fragiao] to file any subsequent Rule 40 proceedings, all ineffective assistance of counsel claims raised in the petition, have been either previously ruled upon or are waived.

. . . .

II. [FRAGIAO] WAS NOT DEPRIVED OF A RIGHT TO COUNSEL ON THE GROUND THAT MICHAEL GREEN WAS NOT ENGAGED BY THE COUNTY OF HAWAII [HAWAI'I].

[Fragiao] contends that he was deprived of a constitutional or statutory right to counsel because his choice of counsel, Michael Green, Esq., was not engaged by the County of Hawaii [Hawai'i].

. . . .

**3.** Hawai'i Rules of Penal Procedure Rule 40(a)(3) states:

INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas

Based upon the above facts, the Court made the following conclusions of law:

1. The allegations relating to this contention, even if proven, would not result in [Fragiao] being afforded relief under Rule 40, HRPP. Therefore, pursuant to Rule 40(f), HRPP, [Fragiao] is not entitled to a hearing in regard to this issue.

. . . .

6. Under HRPP Rule 40(a)(3), [Fragiao] has waived and cannot raise the constitutionality of HRS Sections 52D–8 and 103D–304 for the first time in a Rule 40 proceeding when this issue was apparent and could have been raised in the direct appeal and [Fragiao] failed to do so.

(Emphasis in original.)

## DISCUSSION

### FIRST POINT ON APPEAL

Fragiao contends that the circuit court erred in deciding that under HRPP Rule 40(a)(3) [3] Fragiao's ineffective assistance of trial counsel claim was barred because it was waived.

Fragiao asserts that he "was procedurally unable to raise the conflict issue on direct appeal, . . . because his trial counsel failed, as a consequence of the conflict, to raise it below." This assertion is wrong. Although the petition counsel is the appellate counsel, the trial counsel was not the appellate counsel. Assuming the trial record was insufficient to raise the conflict issue on appeal, that would have been another ground for asserting on appeal that Fragiao was the victim of the ineffective assistance of trial counsel. The appellate counsel's failure to raise this issue in the appeal, and, at a minimum, to ask the appellate court to defer the issue to a subsequent HRPP Rule 40 proceeding, presents the issue of the ineffective

corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

assistance of appellate counsel. To avoid further indirect proceedings, we will ignore the waiver issue and address the conflict issue.

## SECOND POINT ON APPEAL

■ Fragiao contends that the circuit court misconstrued his argument. He states that he

did not argue that he was deprived of a constitutional or statutory right because **Michael Green** was not engaged by the County of Hawaii [Hawai'i]. [Fragiao's] argument was more fundamental, i.e., that the manner in which the County applied HRS 52D and HRS 103D caused [Fragiao] to have counsel that was constitutionally ineffective due to a conflict of interest that existed.[4] ...

[Fragiao] also urged the lower court that if, as the court found [R 308, FOF 5–9], [Fragiao] was entitled to a defense under HRS 52D 8 & 9, it follows that the defense to be afforded must be one that is constitutionally adequate and, if so, anything less would constitute a taking without due process of law (*Alejado v. City & County of Honolulu*, 89 [Hawai'i] 221, 971 P.2d 310 (1998)[)] ).

. . . .

... The thrust of [Fragiao's] entitlement to [HRPP] Rule 40 relief was that his trial defense counsel was marred by a duplicitous conflict of interest which permeated throughout defense counsel's representation and defense of [Fragiao]. Accordingly, everything that defense counsel Ball did or failed to do must be viewed as serving the objectives of the County of Hawaii [Hawai'i] as opposed to [Fragiao's] interests, including [Ball's] failure to counsel [Fragiao] concerning the conflict and all of his rights incident to it.

. . . .

As noted, at the time that the County identified, selected, engaged and paid [Ball] to represent [Fragiao], and despite [Fragiao's] desire that other counsel represent him, the County, by its own admission:

(i) Hoped that [Fragiao] would be convicted of the assault charge so that the County could more persuasively argue against being held vicariously liable in the civil suits by virtue of the County's status as Fragiao's employer [R 17–19]; and

(ii) Was actually suing [Fragiao] for indemnification respecting the assault [R 19].

Clearly, [Fragiao] and the County of Hawaii [Hawai'i] were, under such circumstances, in a relationship of patent conflict.

(Emphasis in original; footnote added.)

The United States Supreme Court has stated, "Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise." *Wood v. Georgia*, 450 U.S. 261, 264–65, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981).

Hawai'i Rules of Professional Conduct (HRPC) Rule 1.8(f) states as follows:

·A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1) the client consents after consultation;

(2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3) information relating to representation of a client is protected as required by Rule 1.6.

HRPC Rule 1.7(b) states as follows:

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities ... to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation.

---

4. In our view, in this argument Fragiao is improperly confusing his alleged statutory/contractual right to counsel with his constitutional right to the effective assistance of counsel.

The Comment to HRPC Rule 1.7 states in relevant part as follows:

*Interest of Person Paying for a Lawyer's Service*

▆▆▆ *A lawyer may be paid from a source other than the client, if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty to the client. See Rule 1.8(f). For example, when an insurer and its insured have conflicting interests in a matter arising from a liability insurance agreement, and the insurer is required to provide special counsel for the insured, the arrangement should assure the special counsel's professional independence. So also, when a corporation and its directors or employees are involved in a controversy in which they have conflicting interests, the corporation may provide funds for separate legal representation of the directors or employees, if the clients consent after consultation and the arrangement ensures the lawyer's professional independence.*

How forcefully are HRPC Rules 1.7(b) and 1.8(f) applied? On the civil side, at least with respect to the tripartite relationship between insurer, insured, and insurance defense counsel, the answer is not too forcefully.

In the civil case of *Finley v. Home Ins. Co.*, 90 Hawai'i 25, 975 P.2d 1145 (1998), the insureds were sued, they tendered the defense to their insurer, and the insurer accepted the tender under a reservation of rights. The insurer subsequently retained attorneys to represent the insureds. The ultimate issue in *Finley* was whether the insurer, who provided a defense for the insured under a reservation of rights, was obligated to pay for the attorney retained by the insureds. The Hawai'i Supreme Court's answer was no. The dispositive issue in *Finley* was whether the HRPC permitted the attorneys retained by the insurer to represent the insured. The Hawai'i Supreme Court's answer was yes. It concluded that

we are convinced that the best result is to refrain from interfering with the insurer's contractual right to select counsel and leave the resolution of the conflict to the integrity of retained defense counsel. Ad-

equate safeguards are in place already to protect the insured in the case of misconduct. If the retained attorney scrupulously follows the mandates of the [HRPC], the interests of the insured will be protected. In the event that the attorney violates the HRPC, the insured has recourse to remedies against both the attorney and the insurer.

*Id.* at 31–2, 975 P.2d at 1152–53. It further concluded that "the insurer, even in a reservation of rights situation, retains the contractual right to select the counsel whom it will pay to defend the insured[,]" *id.* at 35, 975 P.2d at 1155, and that

if the client does not desire the representation under the terms offered by the insurer, the insurer must either choose to defend unqualifiedly or allow the insured to conduct its own defense of the action.

If the insured chooses to conduct its own defense, the insured is responsible for all attorneys' fees related thereto. The insurer is still potentially liable for indemnification for a judgment within the scope of insurance coverage. . . .

. . . .

In the instant case, there is no showing that the Aaron Defendants asserted a right to select counsel or objected to the appointment of MacLaren and Tom by HIGA [Hawaii Insurance Guaranty Association]. While the Aaron Defendants did retain [attorney] Bernstein to additionally represent their interests, this did not operate as an exercise of their right to reject the tender of the defense under a reservation of rights. Under our holding, the Aaron Defendants were entitled to a single counsel paid for by the insurer, as provided by the contract. The Aaron Defendants accepted [attorneys] MacLaren and Tom, and, therefore, HIGA fulfilled its contractual obligation to provide a defense by paying the fees for those attorneys' services.

*Id.*

Although *Finley* cited HRPC Rules 1.8(f) and 1.7(b), it did not discuss the obligation of the lawyers retained by the insurer not to represent the insured unless and until "the

client consents after consultation." As quoted above, it spoke in terms of the insured's "right to reject the tender of the defense under a reservation of rights."

*Finley* states that "we acknowledge the contractual right of an insurer to select counsel for the insured in the tender of a defense under a reservation of rights," *id.*, 90 Hawai'i at 35, 975 P.2d at 1155, and concludes that "[u]nder our holding, the [insureds] were entitled to a single counsel paid for by the insurer, as provided by the contract." *Id.* It appears that the HRPC requirements that "the client consents after consultation" was deemed satisfied by the insurance contract notwithstanding the fact that the insureds retained attorney Mark Bernstein to represent them. *Finley* further states that

> [w]hile the [insureds] did retain [attorney] Bernstein to additionally represent their interests, this did not operate as an exercise of their right to reject the tender of the defense under a reservation of rights. Under our holding, the [insureds] were entitled to a single counsel paid for by the insurer, as provided by the contract. The [insureds] accepted [attorneys] MacLaren and Tom, and, therefore, [the insurer] fulfilled its contractual obligation to provide a defense by paying the fees for those attorneys' services.

*Id.*

In Fragiao's case, Fragiao's interests clearly were in conflict with the County's interests. That is why the County selected and hired a separate trial counsel to represent only Fragiao. Fragiao did not disagree that the County should pay for his counsel. He did not want the County to select his counsel. In the opening brief, he states that he wanted to select his own counsel "from among all those who responded to the HRS [§ ]103D–304 solicitation."

Fragiao's case is a criminal case. In criminal cases, are HRPC Rules 1.7(b) and 1.8(f) applied forcefully? The answer is yes. The Hawai'i Supreme Court has held

> that defense counsel's representation is constitutionally ineffective under the Hawai'i Constitution if: (1) a relationship giving rise to a conflict of interest existed between defense counsel and his/her

clients; and (2) either the relationship adversely affected defense counsel's performance, or the client did not consent to the relationship. Examples of a relationship giving rise to a conflict include joint representation of two or more co-defendants and concurrent representation of both the defendant and either the State of Hawai'i or a prosecution witness. Any demonstrable adverse effect on counsel's performance is sufficient; actual prejudice is not required. Finally, consent by the client should be given after full consultation.

*State v. Richie,* 88 Hawai'i 19, 44, 960 P.2d 1227, 1252 (1998) (footnote omitted).

We conclude that Fragiao's case is governed by *Richie* and HRPC Rules 1.8(f) and 1.7(b). Unless and until the requirements of *Richie* and those rules are satisfied, the lawyer selected and/or paid by a third party may not represent the defendant. When the defendant does not consent after full consultation, it is the defendant's burden to seek and obtain an alternative. When the defendant contends that he/she has a statutory/contractual right to an alternative method of obtaining counsel retained by the defendant but paid by a third party, it is the defendant's burden to obtain enforcement of that right in an appropriate forum. In the meantime, it is the defendant's burden to seek and obtain an alternative. If the defendant is indigent, counsel may be appointed in the usual manner.

In Fragiao's case, Ball was selected and paid by the County. It is Fragiao's burden to show that Ball did not obtain Fragiao's consent after full consultation. *Richie,* 88 Hawai'i at 45, 960 P.2d at 1253. In our view, Fragiao did as much as he could to prove that negative. He is not a signatory to the December 30, 1996 Agreement for Special Counsel. Nothing suggests that Fragiao by his contract of employment as a policeman or in some other way satisfied the "client consents after consultation" requirement of HRPC Rules 1.7(b)(2) and 1.8(f)(1). There is no evidence of consultation or consent. There is plenty of evidence of nonconsent. Thus, it must be concluded that Ball was prohibited from representing Fragiao and

from accepting money from the County for representing Fragiao and that, pursuant to *Richie, supra*, Ball's representation was constitutionally ineffective under the Hawai'i Constitution.

## CONCLUSION

Accordingly, we (1) vacate the May 25, 1999 Findings of Fact and Conclusions of Law, (2) reverse the May 25, 1999 Order Denying Petition for Post–Conviction Relief (Rule 40, HRPP), and (3) remand (a) for entry of an order vacating the February 4, 1997 judgment of conviction in Criminal No. 96–0242 and (b) for a new trial.

If the requirements of *Richie*, and HRPC Rules 1.8(f) and 1.7(b) are satisfied, a lawyer selected and paid for by the County may represent Fragiao. If those requirements are not satisfied, it is Fragiao's burden to seek an alternative.